IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANK FLEMING, | ) |
| | ) |
| Plaintiff, | ) Case No.: 4:14-cv-8695 |
| | ) |
| v. | ) Judge John J. Tharp |
| | ) |
| MIGDAL LAW GROUP LLC, and | ) Magistrate Sidney Schenkier |
| AMERICASH LOANS, L.L.C., | ) |
| | ) |
| Defendants. | ) |

## AMERICASH LOANS L.L.C.'S REPLY IN SUPPORT OF MOTION TO DISMISS

Defendant AmeriCash Loans, L.L.C. ("AmeriCash"), by counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), moves to dismiss Count II of Plaintiff's Complaint.

## INTRODUCTION

Plaintiff disingenuously insists that he is not predicating his ICFA claim against Americash on his FDCPA claim against Migdal. According to Plaintiff, he has "sufficiently and independently allege[d] that [Americash's] abusive debt collection strategy of filing a lawsuit in an inconvenient forum in hopes of obtaining a default judgment against Plaintiff is an unfair and deceptive practice under the ICFA." (Resp. at 4). But even Plaintiff acknowledges that what makes this so-called strategy "abusive" and "deceptive" is Americash's alleged "*knowledge* that the case was filed in the wrong district." (Resp. at 4 (citing Compl. ¶ 39)) (emphasis added). What he conveniently glosses over is that it wasn't until the Seventh Circuit's decision in *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636, 638 (7th Cir. 2014)—decided 8 months *after* the collection lawsuit was filed in the allegedly inconvenient forum —that anyone could have "known" that the Daley Center would be deemed the "wrong" forum. Nothing in the ICFA mandates where a creditor must file suit.

I. **PLAINTIFF FAILS TO SUFFICIENTLY ALLEGE A CLAIM UNDER THE ICFA.**

Under the ICFA, a claim can be based on either "deceptive" or "unfair" conduct. *O'Brien v. Landers*, 2011 WL 221865, at *4 (N.D. Ill. Jan. 24, 2011). Notwithstanding the occasional reference to "unfair" in his Response, Plaintiff has apparently abandoned, and hence waived, that component of his claim and is now proceeding solely under the theory that AmeriCash's conduct was "deceptive." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010);(*See* Resp. at Section II.)

A. **AmeriCash did *not* engage in "deceptive" conduct.**

Plaintiff cannot identify a single misrepresentation or action by *AmeriCash* that was deceptive. Rather, Plaintiff simply reiterates (over and over again) that the Daley Center was "inconvenient" and that the Markham Courthouse was "more convenient." (Resp. at 4). Yet Plaintiff twice appeared *pro se* in the Collection Case, (Compl. ¶¶27-28), so it is unclear how he can now claim the venue was so inconvenient as to be deceptive, particularly when he acknowledges it would take him 30 minutes to drive to the Daley Center as opposed to 16 minutes to Markham. (Compl. ¶¶22-24). No case—let alone the statute itself—suggests that driving an extra 14 minutes is actionable. If mere consumer inconvenience was enough to sustain a claim under the ICFA, the court system would be flooded with litigation.

Again, what made the forum the "wrong district" and hence "inconvenient" to Plaintiff was the Seventh Circuit's decision in *Suesz*. Before then, no one claimed that the filing of a collection suit in one municipal district in Cook County as opposed to another was unlawful, deceptive, or wrong. The Daley Center was indisputably the right district when suit was filed on November 7, 2013. It was not until approximately eight months later that the Seventh Circuit reconsidered its statutory interpretation and adopted a new

standard for what constitutes the correct "judicial district" under the FDCPA. (Def. Mot. 6). Thus, the only conceivable basis for Plaintiff's contention that the Daley Center was the "wrong district" is the Seventh Circuit's decision in *Suesz*, and Plaintiff's contention that his IFCA claim "is not predicated on the FDCPA claim" is disingenuous. (Resp. 5).

Plaintiff has failed to distinguish this case from the long line of Illinois cases cited in AmeriCash's motion that have held the ICFA only prohibits deception, not errors or legitimate interpretation of statutory language. (Def. Mot. 6; Resp. 4-5). Because Plaintiff's claim that AmeriCash violated the ICFA by filing the Collection Case in the "wrong district" is based on an after-the-fact interpretation of the FDCPA, Plaintiff has failed to demonstrate any deceptive conduct in violation of the ICFA.

### B. The alleged conduct did not occur in the course of conduct involving trade or commerce.

Plaintiff also cannot establish that AmeriCash's alleged (unidentified) conduct occurred in the course of "trade" or "commerce" as those terms are defined in the ICFA. 815 ILCS 505/1(f). Plaintiff notes that AmeriCash is "in the business of lending money," but Plaintiff's ICFA claim is based on Migdal allegedly filing the Collection Case in the "wrong district," not AmeriCash's alleged advertisement, sale or distribution of anything in Illinois. (Resp. 4-5). As a result, this litigation is not "trade" or "commerce" as defined by the ICFA. In fact, as noted in AmeriCash's motion, Illinois courts have repeatedly held that the ICFA does not apply to the acts of attorneys. (Def. Mot. 8).

Plaintiff's reliance on *People ex rel. Daley v. Datacom Systems Corp.*, 146 Ill. 2d 1 (1991), is misplaced. (Resp. 5). In that case, the City of Chicago contracted with a collection agency to collect parking fines. *Datacom*, 146 Ill. 2d at 30. The collection agency agreed to undertake a number of different tasks to collect these fines, but none of these tasks

3

included litigation. *Id*. at 23. The Cook County State's Attorney later filed a complaint against the agency alleging that some of its collection practices, such as mailing demand notices to hundreds of thousands of people, violated the ICFA and the agency argued that the act was inapplicable. *Id*. at 29. The court found that these notices constituted "trade" and "commerce" under the ICFA because the distribution of these notices was part of the services the agency sold to the city. *Id*. at 30. The court never found that "collecting on a debt by filing suit in Illinois" qualified as trade or commerce under the ICFA. (Resp. 5). Therefore, this case is inapplicable and Plaintiff has failed to state an actionable claim.

### C. Plaintiff has not suffered any economic injuries or damages proximately caused by AmeriCash.

Plaintiff failed to allege that he suffered any economic damages as a result of the Collection Case or that any alleged damages were proximately caused by AmeriCash. (Compl. ¶46); *see White v. DaimlerChrysler Corp.*, 368 Ill. App. 3d 278, 287(1st Dist. 2006) (finding the ICFA provides remedies for conduct resulting in "purely economic injury"). In the Complaint, Plaintiff only alleged that he was harmed by AmeriCash "because he was led to believe he had to expend unnecessary time and energy traveling to the wrong venue." (Compl. ¶46). As explained in AmeriCash's motion and recognized by Plaintiff in his Response, annoyance and loss of time are not recoverable damages under the ICFA. (Resp. 6, Def. Mot. 9). For this reason alone, Plaintiff's claim should be dismissed.

Nevertheless, Plaintiff asserts for the first time in his Response that the $186 he paid to the court clerk when he first appeared *pro se* in the Collection Case also constitutes damages resulting from AmeriCash's unidentified deceptive conduct. (Resp. 5-6). Although courts have recognized that money spent defending debt collection lawsuits can constitute damages for the purposes of the ICFA, in those cases the plaintiffs alleged that the

4

defendants had no right to even initiate the lawsuits. *See Armbrister v. Pushpin Holdings, LLC*, 896 F. Supp. 2d 746, 754 (N.D. Ill. 2012) (finding plaintiffs' ICFA claims alleged defendant threatened to file suit when it was required to arbitrate dispute and filed suits on time-barred debts); *Grant-Hall v. Cavalry Portfolio Services, LLC*, 856 F. Supp. 2d 929, 942 (N.D. Ill. 2012) (noting that Plaintiffs' complaint alleged that defendant misrepresented to consumers and courts it had the right to file suits); *Thompson v. CACH, LLC*, 2014 WL 5420137, *1 (N.D. Ill. Oct. 24 2014) ("The gravamen of the complaint is that Defendants unlawfully attempted to collect a debt from Thompson that she never owed."). Conversely, in this case Plaintiff does not claim that AmeriCash brought an improper suit—just that the district where the case was filed was inconvenient because it was 14 minutes further away than the Markham Courthouse. (Resp. 4). Plaintiff would have had to pay the appearance fee even if the Collection Case had been filed at the Markham Courthouse. Consequently, the only alleged damages resulting from filing the Collection Case at the Daley Center were annoyance and loss of time. As explained above, these are not recoverable damages under the ICFA and Plaintiff's claim should be dismissed.

Moreover, Plaintiff cannot show that any of these alleged damages were proximately caused by AmeriCash. 815 ILCS 505/10a. Plaintiff again does not allege any facts demonstrating that AmeriCash was directly involved in or made any statements to him concerning the filing and prosecution of the Collection Case "at an inconvenient courthouse," which he asserts was "deceptive." (Resp. 6). Plaintiff instead seeks to hold AmeriCash vicariously liable for Migdal's alleged conduct of filing the Collection Case in the "wrong district," but the ICFA does not allow for vicarious liability. (Def. Mot. 9-10). Most notably, in *Avery v. State Farm Mut. Ins., Co.*, 216 Ill.2d 100, 195-97 (2005), the court held

5

that under the ICFA "a plaintiff must prove that he or she was actually deceived by the misrepresentation" to establish the "element of proximate causation." Plaintiff was not actually deceived by *anyone's* decision of where to file the Collection Case because he actually appeared *pro* se in that case, twice. (Compl. ¶¶26-27).

Ultimately, Plaintiff is attempting to shirk his duty to plead an actionable claim and simply relying on the fact that "the court must construe the allegations in the complaint in the light most favorable to the Plaintiff." (Resp. 6) While well-pleaded facts are accepted as true and construed in favor of Plaintiff, his complaint and response contain nothing but unsupported legal and factual conclusions which this Court is not obliged to accept as true. *Hickey v. O'Bannon*, 287 F.3d 656, 657-58 (7th Cir. 2002). Therefore, because Plaintiff cannot plead facts demonstrating that AmeriCash violated the ICFA, Count II of Plaintiff's Complaint should be dismissed with prejudice.

## II. MIGDAL'S ALLEGED VIOLATION OF THE FDCPA CANNOT FORM A BASIS FOR VIOLATION OF THE ICFA.

Plaintiff acknowledges the FDCPA is not one of the enumerated statutes that may form the basis for an ICFA violation. (Resp. 2-3; Def. Mot. 10); *see* 815 ILCS 505/2E, 2Z. Nonetheless, Plaintiff argues that he "independently states a claim under the ICFA" and this claim is not "based on the FDCPA violation whatsoever." (Resp. 3). However, as discussed above, Plaintiff cannot state a claim under the ICFA and Count II of the complaint should be dismissed with prejudice.

**CONCLUSION**

Because Plaintiff fails to allege any facts demonstrating that AmeriCash engaged in "deceptive" conduct, that the alleged "unfairness" or "deception" occurred during the course of conduct involving trade or commerce, that he suffered actual damages, or that any damages were proximately caused by AmeriCash, and because the alleged violation of the FDCPA cannot establish a violation of the ICFA, the Court should dismiss Count II of Plaintiff's Complaint with prejudice and award AmeriCash any further relief the Court deems just and equitable.

                                      AMERICASH LOANS, L.L.C.

                            By:    /s/ James J. Morrissey
                                    One of its attorneys

Anna-Katrina S. Christakis (#6242675)
James J. Morrissey (#6305837)
PILGRIM CHRISTAKIS LLP
321 N. Clark, 26th Floor
Chicago, Illinois 60654
(312) 280-0441
kchristakis@pilgrimchristakis.com
jmorrissey@pilgrimchristakis.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2015, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification to all counsel of record.

/s/ James J. Morrissey